# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

DAVID HOWARD KOPET and
RANAE FAIRCHILD KOPET,

**Debtors.**

**Bankruptcy Case
No. 05-00732**

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

>Blair Clark, RINGERT, CLARK, Boise, Idaho, Attorney for Debtors.

>Jeffrey G. Howe, Assistant U.S. Trustee, Boise, Idaho.

>Richard Crawforth, Boise, Idaho, Chapter 7 Trustee.

## BACKGROUND AND FACTS

Debtors Richard and Ranae Kopet retained attorney D. Blair Clark ("Counsel") to represent them in a Chapter 13 case. The parties executed a written Model Retention Agreement ("MRA") in the form prescribed under L.B.R.

MEMORANDUM OF DECISION - 1

2016.1. The MRA specified that Counsel would represent Debtors in their Chapter 13 case for a fixed fee of $2,000 for his services. However, under "extraordinary circumstances," the MRA provided that Counsel could apply to the Court for "additional compensation" and that if he did, Counsel's fees could be calculated at the rate of $170 per hour for the time he spent on Debtors' case. Docket No. 6, Attach. 1. The MRA contains a detailed explanation of the different types of services Counsel agreed to provide Debtors as part of his representation of their interests in the bankruptcy case, concluding by agreeing to "[p]rovide any other legal services necessary for the administration of this case before the bankruptcy court." *Id.* at 1–4.

Counsel filed Debtors' Chapter 13 petition and schedules on March 4, 2005. Docket No. 1. On the same day, Counsel filed a Rule 2016(b) disclosure in which he represented that he agreed to represent Debtors for $2,000; that he had received the $194 filing fee from Debtors prior to filing; and that he was owed $1,806. A copy of the executed MRA was attached to the disclosure. Docket No. 6.[1] In the disclosure, Counsel acknowledged that in return for the fee disclosed therein, he would perform a variety of services including negotiations with secured creditors, exemption planning, preparation and filing of motions to avoid

---

[1] The information in the disclosure actually conflicts with the terms of the MRA, which provides that the $2,000 attorney fee did not include the filing fee.

MEMORANDUM OF DECISION - 2

liens, and representation of Debtors in various types of actions related to the bankruptcy case. *Id.*

Debtors and Counsel were unable to obtain confirmation of a Chapter 13 Plan; Debtors converted the case to Chapter 7 on July 26, 2005. Docket No. 59. On August 4, 2005, Counsel filed an Application for Compensation in which he seeks $4,254.00 in attorney fees. Docket No. 64. Counsel's supporting affidavit documents the time spent and services provided in the case. The amount requested in the application for fees is calculated by multiplying the total time Counsel spent on the case by his hourly rate. In a document entitled "Consent and Approval" filed August 31, 2005, Debtors approve Counsel's fee request. Docket No. 72.

The Court conducted a hearing concerning Counsel's fee application on August 31, 2005. While no written response to the application had been filed, the Assistant U.S. Trustee appeared and voiced his objection to allowance of the fees. The U.S. Trustee's position is that the "circumstances" in this case were not "extraordinary" when compared to those that should have been anticipated by Counsel when he and his clients executed the MRA. Even if extraordinary circumstances did exist, the U.S. Trustee contends that Counsel may not ignore that he agreed to perform the basic services required by a Chapter 13 debtor's

MEMORANDUM OF DECISION - 3

attorney for $2,000, and that he should not receive compensation for all his services at his hourly rate.

Counsel represents this was an unusually complex business case involving the sale of several business franchise locations. Aff. of Clark, Attach. 1, Docket No. 64. *See also* Am. Ch. 13 Plan, Docket No. 12 (detailing proposed real estate sale transactions to fund the Plan). Counsel argues that because this case involved tasks that were out of the ordinary when compared to a "typical" consumer Chapter 13 case, he should not be limited by the $2,000 fixed fee referred to in the MRA. Instead, Counsel argues he should recover compensation based strictly on the time spent at his hourly rate.

The Court took the issues under advisement, and this Memorandum constitutes the Court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052; 9014.

## DISPOSITION

A.  **Compensation of Chapter 13 Debtors' Attorneys Under the Code and the Local Rule.**

Under 11 U.S.C. § 330(a)(4)(B), the Court may allow an attorney for an individual debtor in a Chapter 13 case "reasonable compensation" based upon a consideration of the benefit and necessity of the services to the debtor as well as the other factors set forth in § 330(a). 11 U.S.C. § 330(a)(4)(B). The debtor's

MEMORANDUM OF DECISION - 4

attorney bears the burden of demonstrating that he or she is entitled to the fees requested. *In re Schwandt*, 95 I.B.C.R. 268, 268 (Bankr. D. Idaho 1995) (citing *In re Xebec*, 147 B.R. 518, 524 (9th Cir. BAP 1992)).

Like many districts, Idaho has recently implemented a standardized approach to allowance of Chapter 13 debtor's attorneys fees. The Rule offers a procedure that, in the Court's opinion, provides fair compensation to a Chapter 13 debtor's attorney, while at the same time minimizes the administrative burden on the attorney to prove up entitlement to fees in routine cases. Under the Rule, an attorney may elect to forego the sometimes onerous responsibility of carefully documenting and proving up all the time spent and the charges asserted in a Chapter 13 case. Instead, L.B.R. 2016.1 allows the Chapter 13 debtor's attorney to receive a "presumptively reasonable" fee so long as the attorney and debtor execute a form retention agreement and otherwise comply with the provisions of the Rule. L.B.R. 2016.1(c); L.B.R. App. II.

The form MRA adopted in the Rules requires the attorney to render services to the debtor required in all Chapter 13 cases, and if the services are performed, the Rule provides that the attorney "shall be allowed an attorneys' fee not to exceed $2,000.00 for all services rendered or to be rendered throughout the duration of the Chapter 13 case, and inclusive of all costs and expenses" with the

MEMORANDUM OF DECISION - 5

exception of filing fees.  L.B.R. 2016.1(b).  This fixed fee is deemed by the Rule to be "presumptively reasonable and allowable under § 330(a)(4)(B) without itemization of time or other submission."  L.B.R. 2016.1(b).[2]  As a result of the Rule, while an attorney taking advantage of this option is bound by the terms of the MRA the parties sign, the attorney will likely not be required to formally document those services and fees in a filed application, nor to attend a fee application hearing.[3]

The Rule, together with accompanying comments from the Court's Local Rules Committee, caution that the presumptive fee should not be regarded as a "base fee."  In other words, a Chapter 13 debtors' attorney should not expect to receive the fixed fee in the MRA as a minimum while retaining the right to apply for additional fees in any case where use of an hourly rate would yield a higher figure.  Rather, under the Rule, an attorney may seek compensation "in addition to" the presumptive fee only "in extraordinary circumstances."  If the

---

[2] As explained in note 4, *supra*, attorneys may in some situations still be expected to produce proper time records to justify the fees charged.

[3] This philosophy and similar procedures have been approved by the appellate courts in the Ninth Circuit.  *See Hastings v. United States Trustee* (*In re Agyekum*), 225 B.R. 695, 699 (9th Cir. BAP 1998) (holding that a bankruptcy court has the "power to establish a presumptive 'reasonable value' of legal fees in consumer bankruptcies and to limit fees to a certain level unless counsel establishes that services in a particular case can justify more."), *quoted in Boone v. Durham-Burk* (*In re Eliapo*), 298 B.R. 392, 400 (9th Cir. BAP 2003).

MEMORANDUM OF DECISION - 6

attorney believes such circumstances are present, he or she must file a formal fee application accompanied by the attorney's affidavit justifying the request and including "an itemization of all services rendered by the attorney, from the initiation of representation of the debtor(s) through the date of the application, supporting the total amount of compensation sought." L.B.R. 2016.1(d).[4]

When extraordinary circumstances are proven, the Rule indicates that the attorney may seek "additional fees" over and above the fixed fee. *Id.*; *see also*, Advisory Comm. Note (noting that "in extraordinary circumstances, an attorney could seek relief from the fixed fee and additional compensation . . . .") An attorney's request for those additional fees would, of course, be subject to examination by the Court under the standards established by Congress applicable to individual Chapter 13 debtor's attorneys. 11 U.S.C. § 330(a)(4)(B).

The Rule does not attempt to define what constitutes "extraordinary circumstances" such that additional fees should be allowed to a Chapter 13 debtor's attorney. Absent a special definition, the Court must resort to the "plain

---

[4] Because an attorney may be called upon at some point to demonstrate the reasonableness of the fees charged, a prudent lawyer will likely maintain accurate time records in all cases. If not, the attorney runs the risk of being unable to prove up entitlement to additional fees in a case involving extraordinary circumstances, or in a case where the reasonableness of the presumptive fee is called into question. *See* L.B.R. 2016(b)(1) (requiring attorneys to defend their entitlement to the presumptive fee should a party challenge its reasonableness in a particular case).

MEMORANDUM OF DECISION - 7

meaning" of those words in the context of attorney representation in a Chapter 13 case. *See Bonner Mall P'ship v. U.S. Bancorp Mortgage Co.* (*In re Bonner Mall P'ship*), 2 F.3d 899, 908 (9th Cir. 1993) ("The interpretation of a statutory provision must begin with the plain meaning of its language." (citing *Penn. Public Welfare Dept. v. Davenport*, 495 U.S. 552, 557 (1992)). One source defines the phrase as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event." BLACK'S LAW DICTIONARY 260 (8th ed. 2004). This is echoed by Webster's, which defines "extraordinary" as "going beyond what is usual, regular, or customary." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 441 (9th ed. 1990). The Advisory Committee Notes to the Rule also use the term "ordinary" to define when an attorney will be limited to the fixed fee.

       In the Court's opinion, the language utilized in the Rule evinces a clear intent to limit fees for a Chapter 13 debtor's attorney who elects to use an MRA to the presumptively reasonable "fixed fee" as compensation for all services that are usual, customary and routine in a typical Chapter 13 case. This limit applies even if the value of the attorney's time when measured by the hourly rate is greater than $2,000. By the same token, under the Rule that attorney will likely be allowed the presumptive fee even when a lodestar approach would yield a lower fee.

MEMORANDUM OF DECISION - 8

The MRA, in the form suggested by the Rule and that used in this case, lists the duties that the attorney will be expected perform. Presumably, these are the tasks that should be regarded as "typical" in Chapter 13 cases. Those services include, among other things, representation of the debtors at the § 341 meeting of creditors; counseling the debtor; timely submitting all required documentation; shepherding the debtors through the confirmation process; preparing modifications to the plan, if necessary, after confirmation; preparing appropriate motions dealing with the debtor's property, including liens attached thereto; and evaluating and responding to claims and stay relief motions. L.B.R. App. II. The MRA makes clear that the attorney will be required to represent the debtors both before and after commencement of the case, and before and after confirmation of a plan.

### B. Application of the Rule and § 330 in This Case.

Reviewing Counsel's affidavit, most of his time entries reflect services that clearly fall within those typical and customary services as described in the MRA. Counsel prepared and filed Debtors' schedules and plan; prepared and filed an amended plan; attended the § 341 meeting; reviewed creditor claims and filed objections; drafted letters to Debtors concerning their auto and tax payment obligations; reviewed creditor stay relief motions; attended the

MEMORANDUM OF DECISION - 9

confirmation hearing; and generally kept Debtors informed of the status of the proceedings throughout the case.[5]  Counsel should have reasonably anticipated that all of these tasks would be required at the time he and Debtors elected to execute the MRA.  Put another way, Counsel has not shown that any of these services were other than routine.  All things considered, the Court can not conclude these services were inherently unusual or extraordinary in this case such that Counsel should receive any additional compensation for this work.

The Court, however, agrees with Counsel's suggestion that other services detailed in his affidavit fell outside those that should be considered routine and customary services provided in a typical Chapter 13 case.  Those included negotiating with creditors concerning the sale of Debtors' businesses and associated assets, and his efforts in Debtors' attempts to confirm a Chapter 13 plan involving the sale of those businesses to satisfy creditors' claims.[6]  These circumstances were "extraordinary" because they involved matters beyond those that are normal and customary, and are not of the kind that a debtor's attorney

---

[5] *See e.g.*, Aff. of Clark, Attach. 1, Docket No. 64 (time entries for Jan. 24–Apr. 8; Apr. 18; May 24).

[6] *See e.g.*, Aff. of Clark, Attach. 1, Docket No. 64 (time entries for April 14, April 20, May 20, May 26, June 1 and June 14); Am. Ch. 13 Plan, Docket No. 12 (proposing to sell business assets to pay secured creditors).

MEMORANDUM OF DECISION - 10

should expect to provide in a typical Chapter 13 case.[7]

Unfortunately, some of the descriptions and details of these extraordinary services Counsel provided in his itemization are insufficient to allow the Court to apply a lodestar approach or the factors required under § 330(a). Several of Counsel's time entries are nondescript, requiring the Court to speculate about what services Counsel provided and why the services were necessary in Debtors' case.[8] *See* Fed. R. Bankr. P. 2016(a) (requiring a fee application to set forth a "detailed statement" of the services rendered); 11 U.S.C. § 330(a)(3) and (a)(4) (both requiring that services be "necessary"). Several more entries describe multiple services lumped together, preventing the Court from determining whether the individual tasks were expeditiously performed and making it impossible to

---

[7] The analysis in *Boone v. Derham-Burk* (*In re Eliapo*), 298 B.R. 392, 403–404 (9th Cir. BAP 2003) was both helpful and persuasive in the Court's review of Counsel's services. In that case, the Panel approved the bankruptcy court's analysis of its own presumptive fee guidelines wherein the court identified the basic, or ordinary, services provided, examined those services for any extraordinary circumstances, and then considered whether any other services were extraordinary or unusual. *In re Eliapo*, 298 B.R. at 404. The Panel approved of a definition of "extraordinary" as "work falling outside the 'normal and customary.'" *Id.* (quoting *In re Watkins*, 189 B.R. 823, 833 (Bankr. N.D. Ala. 1995)).

[8] *See e.g.*, Aff. of Clark, Attach. 1, Docket No. 64. For example, the time entry for May 23, describes an "office conference with client," without specifying what was discussed or why the conference was necessary; the time entries for June 2–June 7 state that Counsel drafted and revised a letter to "Lowe," without indicating that recipient's role in the case or the letter's relevance.

MEMORANDUM OF DECISION - 11

separate the tasks into appropriate components.[9] In prior cases dealing with nondescript and lumped time entries, this Court has reacted differently, with outcomes ranging from assessing an across the board reduction to denying compensation entirely. *In re Voechting*, 03.4 I.B.C.R. 237, 238 (Bankr. D. Idaho 2003) (reducing professional's fees by discounting the hourly rate for the failure to appropriately itemize services); *In re Staggie*, 00.4 I.B.C.R. 203, 206 (Bankr. D. Idaho 2000) (discussing approaches to fee reductions when services are lumped, and denying fees for all but fifteen hours of compensable services).

At best, the Court can conclude from Counsel's showing that while many of the services Counsel provided to Debtors were typical of those found in most routine consumer cases, others were not. Some additional compensation above the fixed fee to which the parties agreed in the MRA appears justified, but because of the inadequacy of Counsel's time records, the Court can not justify allowance of the full amount requested. In determining the additional amount, the Court is not inclined to dissect Counsel's affidavit line-by-line. Instead, in the exercise of its discretion, the Court concludes a more appropriate approach in this case is to approve an additional $1,500 in fees over the presumptive fee, or in

---

[9] *See e.g.*, Aff. of Clark, Attach. 1, Docket No. 64 (time entries for Apr. 14, May 4, May 20, May 26 and June 14).

MEMORANDUM OF DECISION - 12

other words, total fees of $3,500.[10]

## CONCLUSION

For the reasons stated above, the Court finds that this Chapter 13 case did involve "extraordinary circumstances" as compared to the typical and routine challenges inherent in a Chapter 13 case. Therefore, Counsel has shown he should receive compensation in addition to that specified in the MRA. But because of Counsel's failure to adequately itemize his time and services, the Court declines to allow all of Counsel's fees as requested. A total of $3,500 will be allowed via separate order.

Dated: October 13, 2005

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[10] Because no lodestar analysis is employed, the Court expresses no opinion whether Counsel's suggestion that his services should be valued at $170 per hour is reasonable in this case.

MEMORANDUM OF DECISION - 13